IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHEARELL COLE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. AW-10-70 |
| | * | |
| PRINCE GEORGE'S COUNTY, | * | |
| MARYLAND, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION**

Plaintiff Shearell Cole ("Cole") brings this wrongful death action against Defendants Officer Robert E. Lee ("Lee"), Officer Bruce Brown ("Brown"), Officer Kennedy Bowen ("Kennedy Bowen"), Officer Bruce Bowen ("Bruce Bowen"), Prince George's County Police Department ("the Police Department"), and Prince George's County, Maryland ("the County") for the shooting and death of Anthony Johnson ("Johnson"). Pending before the Court is Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment[1] (Doc. No. 12). The Court has reviewed the entire record, as well as the pleadings and exhibits, and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons set forth below, the Court dismisses Kennedy Bowen and the Prince George's County Police Department from the suit; GRANTS Defendants' Motion for Summary Judgment as to Counts I, II, III, IV, V, VI, and VII; and DENIES Defendants' motion as to Counts VIII, IX, X, and XI. Though not

---

[1] Defendants move to dismiss for lack of subject matter jurisdiction over the Police Department and for failure to state a claim upon which relief can be granted against Lee, Brown, Kennedy Bowen, and the County, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), respectively. Because both parties refer to Defendants' exhibits, including photographs and affidavits, the Court will not exclude these matters outside the pleadings and will thus treat Defendants' motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d).

1

requested by either party, the Court will also bifurcate Count IX against Prince George's County, Maryland from the other claims and stay discovery as to Count IX pending resolution of the remaining claims.

I.  **FACTUAL & PROCEDURAL BACKGROUND**

On September 4, 2006, a store employee at Shoppers Food Warehouse in Prince George's County, Maryland, observed an individual eating a donut from the store and asked him if he was going to pay for it.[2] The individual responded by grabbing a handgun from under his shirt, putting his hands around the employee's neck, and threatening to "blow [his] brains out." (Doc. No. 12, Ex. 1 at 1.) After the individual left the store, the employee informed the store manager, who called the police. Police officers arrived, spoke to witnesses, obtained a physical description of the suspect, and began searching the area. When they encountered an individual matching the description provided by the employee, they stopped and patted him down, but found no weapon. Officer Adey, not a Defendant in this case, observed another individual, later identified as Johnson, in the vicinity. As he approached Johnson, Adey allegedly saw him pull out a handgun from under his waistband. When Adey ordered him to drop the gun, Johnson refused to comply and ran into the nearby woods instead, leading Adey on a foot chase. Adey called in to the police communications dispatch, and Brown, Lee, and another officer responded, joining the pursuit of Johnson.

Lee and Brown eventually caught up to Johnson after he fell to the ground. They told him to stay on the ground, but Johnson repeatedly attempted to get up, even after Brown struck him twice on the leg with his baton. Lee then allegedly saw Johnson reach under his waistband, exposing a black semi-automatic handgun, while he disregarded Brown's repeated commands for

---

[2] The following facts are taken solely from Defendants' Motion for Summary Judgment because Plaintiff did not provide her own version of the facts in her Complaint or in her Opposition to Defendants' Motion for Summary Judgment.

2

him to show his hands. In response, both Lee and Brown fired their weapons at him. Defendants claim that the other officers who later arrived noticed the handgun lying next to Johnson, whom medics pronounced dead at the scene.

On September 3, 2009, Plaintiff Shearell Cole, a Maryland resident and the mother and personal representative of the estate of Anthony Johnson, filed suit in the Circuit Court for Prince George's County, Maryland, asserting tort claims as well as federal and state constitutional violations against the Prince George's County police officers allegedly involved in the altercation at issue. On January 12, 2010, Defendants removed the case to this Court. Plaintiff alleges assault and battery (Count I), false arrest (Count II), false imprisonment (Count III), excessive force under Articles 24 and 26 of the Maryland Declaration of Rights (Count IV), wrongful death (Count V), survival action (Count VI), excessive force under 42 U.S.C. § 1983 (Count VIII), and wrongful death and survival actions under § 1983 (Counts X and XI) against Lee, Brown, Kennedy Bowen, and Bruce Bowen.[3] Plaintiff is also suing the Police Department and the County under a doctrine of respondeat superior (Count VII) and under § 1983 (Count IX). At this point, Plaintiff has not conducted any discovery.

## II.   STANDARD OF REVIEW

In considering a motion for summary judgment, the Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a party cannot create a genuine dispute of material fact through mere speculation, *see Deans v. CSX*

---

[3] While Plaintiff names Bruce Bowen as a Defendant in her Complaint, Defendants do not mention Bowen in their Motion for Summary Judgment (Doc. No. 12-2). It is unclear whether Plaintiff named Officer Bruce Bowen in the Complaint as an alternative to Officer Kennedy Bowen or Officer Bruce Brown. In any case, Bruce Bowen is a named party in the case. To the extent the arguments Defendants make in their Motion for Summary Judgment are applicable to Bruce Bowen, the Court will apply them.

*Transp., Inc.*, 152 F.3d 326, 330-31 (4th Cir. 1998), and conclusory statements with no evidentiary basis cannot support or defeat a motion for summary judgment, *see Greensboro Prof'l Fire Fighters Ass'n, Local 3157 v. City of Greensboro*, 64 F.3d 962, 967 (4th Cir. 1995). Ultimately, summary judgment is appropriate "where the non-moving party has failed to make a sufficient showing on an essential element of the case that [it] has the burden to prove." *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996).

## III. ANALYSIS

### A. Federal Claims—Section 1983

#### 1. *Excessive force, wrongful death, and survival action*

Plaintiffs allege that Defendant officers applied excessive force against Johnson in violation of the Fourth Amendment, which prohibits police officers from using excessive force to seize a free citizen. *Graham v. Connor*, 490 U.S. 386, 394-395 (1989). Along with her § 1983 excessive force claim, Plaintiff also argues that Defendants' fatal shooting of Johnson invoked liability for wrongful death and a survival action pursuant to § 1983. (Compl. ¶ 77 & 82.) In response, Defendants argue that their conduct was reasonable under the standard established in *Graham*, and that even if their actions were not reasonable, they are immune from suit based on qualified immunity. (Doc. No. 12-2 at 9-14.)

It is well-established that courts must evaluate the objective reasonableness of a particular use of force "from the perspective of a reasonable officer on the scene," with an eye toward the proportionality of the force in light of all the facts and circumstances. *Rowland v. Perry*, 41 F.3d 167, 173 (4th Cir. 1994). *Graham* provides three factors to guide the objective reasonableness inquiry: (1) "the severity of the crime"; (2) "whether the suspect poses an immediate threat to the safety of the officers or others"; and (3) whether the suspect "is actively resisting arrest or

attempting to evade arrest by flight." 490 U.S. at 396. Qualified immunity protects government officials from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In assessing this qualified immunity defense, the court must decide whether the plaintiff has alleged facts setting forth valid claims of a deprivation of the plaintiff's constitutional rights. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The court must also determine if that right was clearly established at the time of the incident giving rise to the suit, based on whether a reasonable officer would have believed the conduct to be lawful under similar circumstances. *See Wilson v. Lane*, 526 U.S. 603, 615 (1999). However, granting "summary judgment on qualified immunity grounds is improper as long as there remains any material factual dispute regarding the actual conduct of the defendants." *Rainey v. Conerly*, 973 F.2d 321, 324 (4th Cir. 1992).

Based on the statements Defendants provide, which appear to be from the Police Department's internal investigation (Doc. No. 12-3), Defendants' conduct appears to have been objectively reasonable. Plaintiff fails to plead facts to support her allegations of excessive force, stating only that Defendants "maliciously, and without legal justification . . . used unreasonable and excessive force" in seizing Johnson. (Compl. ¶ 64.) Plaintiff's sole fact-based argument in opposition to summary judgment is that the information in the autopsy report indicating that "two wounds to the back of Anthony Johnson are inconsistent with the Defendants' claim of self defense." (Doc. No. 13 at 3.) Plaintiff also argues that a grant of summary judgment is premature in this case, prior to discovery, as the information about the circumstances surrounding the shooting appear to be solely in Defendants' possession.

The Court has grave reservations regarding whether Plaintiff will be able to show sufficient facts to make out an excessive force claim in this case. Without any explanation from Plaintiff, the Court is unpersuaded that the trajectory of these bullets is inconsistent with Defendants' position that the officers were acting in self defense in shooting Johnson. Moreover, Plaintiff has failed to follow the clear mandate of Federal Rule of 56(f) which provides that a party seeking discovery should file an affidavit describing what information she intends to discover.[4] Indeed, "'[a] party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit.'" *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995) (quoting *Hayes v. North State Law Enforcement Officers Ass'n*, 10 F.3d 207, 215 (4th Cir. 1993) (internal quotation marks omitted)). "The party opposing summary judgment bears the burden of showing what specific facts it hopes to discover that will raise an issue of material fact. 'Vague assertions' that more discovery is needed are insufficient." *St. Paul Reinsurance Co. v. Ollie's Seafood Grille & Bar, LLC*, 242 F.R.D. 348, 352 (D.S.C. 2007) (quoting *Evans v. Techs. Applications & Service Co.*, 80 F.3d 954, 961 (4th Cir. 1996) (internal quotations omitted)).

In the air of caution, however, the Court will permit Plaintiff some discovery in this case. Courts generally disfavor granting summary judgment prior to discovery, and Plaintiff has had no reasonable opportunity to obtain information about the incident on her own. The excessive force inquiry is highly fact-dependent, and "'requires careful attention to the facts and

---

[4] Rule 56(f) provides:
> When Affidavits Are Unavailable. If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>   (1) deny the motion;
>   (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>   (3) issue any other just order.

circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Milstead v. Kibler*, 243 F.3d 157, 162 (4th Cir. 2001) (quoting *Graham*, 490 U.S. at 396). "[T]he requirement that the non-moving party respond specifically to a summary judgment motion is qualified by Rule 56(f)'s requirement that 'summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Nguyen v. CNA Corp.*, 44 F.3d 234, 241-242 (4th Cir. Va. 1995) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 n.5 (1986)). Therefore, Plaintiff should be able to conduct discovery before the Court makes its judgment on what facts are developed. *See Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996). Though Plaintiff's failure to submit such the Rule 56(f) affidavit is sufficient to allow the Court to grant Defendants summary judgment, the Court will overlook this omission, as it is quite clear in this particular case that discovery has not yet been conducted at all. Accordingly, the Court denies summary judgment on Plaintiff's claims of excessive force, wrongful death, and survival action under § 1983 (Counts VIII, X, XI) without prejudice to Defendants to re-file their Motion for Summary Judgment after discovery is complete.

    2. *Monell*

Plaintiff alleges a claim under § 1983 (Count IX), pursuant to the standard established in *Monell v. Dep't. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 690-695 (1978), and asserts that the County "fostered and encouraged the use of excessive force in making apprehensions," "consistently failed to properly investigate, document, and discipline police officers who use excessive force," "consistently failed to keep adequate records of the instances in which excessive force has been employed," and routinely destroyed the records of excessive force that

7

the County does have. (Compl. ¶¶ 69-72.) In addition, Plaintiff argues that the County "developed a custom, procedure, practice, and/or official policy, allowing officers to use excessive force," amounting to "a gross disregard of the rights of Maryland citizens under Articles 24 and 26 . . . and under the Fourth Amendment." (Compl. ¶ 73.)

To sufficiently plead a *Monell* claim, a plaintiff must show "'the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of [his or her] rights.'" *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999) (internal quotation omitted). In order to hold the County liable based on its policy or customs, Plaintiff must first demonstrate that Defendants' conduct amounted to a civil rights violation. *See Savage v. Mayor & City Council, Salisbury, Md.*, No. 08-3200, 2009 WL 1119087, at *4 (D. Md. Apr. 22, 2009) (internal citation omitted). In addition, Plaintiff will likely have to present evidence not related to the liability of Defendant officers to prove that the County had an official policy or custom that had a causal effect on the police officers' conduct. *Id.* As Defendants argue, Plaintiff's bald allegations do not appear to be sufficient to plead a *Monell* claim. *See Drewry v. Stevenson*, No. 09-2340, 2010 WL 93268, at *3 (D. Md. Jan. 6, 2010) (holding that although the plaintiff's complaint repeatedly referred to the "policies, practices, and customs" of the county, it did not specify or tie them to the defendant's actions). However, even though Plaintiff did not respond to Defendants' contention that her *Monell* claim was insufficiently pled, the Court will not dismiss this claim without first giving Plaintiff an opportunity to conduct discovery on the reasonableness of Defendant officers' actions, which could determine the extent of the County's liability. Accordingly, the Court will bifurcate Plaintiff's *Monell* claim against the County (Count IX) from the rest of her claims and stay discovery, if any is necessary, until the other claims are resolved.

**B. State Claims**

1. *Common Law Torts*

Defendants argue that the Court should dismiss Plaintiff's claims of assault and battery, false arrest, false imprisonment, wrongful death, and survival action (Counts I, II, III, V, VI) because Plaintiff failed to comply with the notice requirements of the Local Government Tort Claims Act (LGTCA), Md. Code Ann. Cts. & Jud. Proc. 5-304 (2009). (Doc. No. 12 at 18.) The Court accepts the Affidavit of Dawn M. Accipiter (Doc. No. 12-3, Ex. 15) stating that "Plaintiff failed to provide [the Office of the County Attorney] with notice of her claims within one hundred eighty (180) days." Under the LGTCA, a party may not bring an action for unliquidated damages against a local government or its employees unless that party provided notice of the claim to the County within 180 days after the injury. Md. Code Ann., Cts. & Jud. Proc. 5-304. Despite this requirement, a court can entertain a lawsuit where the plaintiff shows good cause for his or her failure to timely provide the required notice. Md. Code Ann., Cts. & Jud. Proc. 5-304(d). Moreover, since Plaintiff concedes that she failed to meet the LGTCA's notice requirements with regard to those tort claims and does not attempt to show good cause for her failure, the Court grants summary judgment to Defendants on Plaintiff's state tort claims (Counts I, II, III, V, VI).

2. *Articles 24 and 26*

Plaintiff also alleges that Lee, Brown, and Bowen used excessive force against Johnson in violation of Articles 24 and 26 of the Maryland Declaration of Rights (Count IV),[5] and argues that the County is liable for the Defendant officers' actions under the doctrine of respondeat

---

[5] In the Complaint, Plaintiff actually alleges that "Defendants Stone and Massey used unreasonable and excessive force" in seizing Johnson. (Compl. ¶ 44.) Since neither of those named individuals are Defendants, and the rest of Plaintiff's Count IV allegations are directed at Lee, Brown, and Bowen, the Court will assume Plaintiff meant to allege her excessive force claim against the named Defendants instead.

superior (Count VII). (Compl. ¶¶ 58-59.) Defendants assert that the officers' conduct did not violate the objective reasonableness standard of Articles 24 and 26, so Plaintiff is therefore unable to make out a claim of excessive force against any of the Defendants. Additionally, Defendants contend that because the LGTCA's notice requirement also applies to constitutional tort claims under Maryland law, the Court should dismiss the claim against the County because Plaintiff failed to provide timely notice under the LGTCA.

Plaintiff, relying primarily on *Prince George's County, Md. v. Longtin*, 988 A.2d 20 (Md. Ct. Spec. App. 2010), argues that the LGTCA should not apply to her Article 24 and 26 claims. (Doc. No. 13 at 4-8.) In *Longtin*, the Maryland Court of Special Appeals noted that the Maryland "Court of Appeals has consistently said that the LGTCA . . . [does] not exclude State constitutional torts from [its] coverage." 988 A.2d at 32 (internal citations omitted). The court also stated that it is "less clear [] whether the restrictions of [the] statute[] that would defeat all or partial recovery apply in every respect to State constitutional torts." *Id.* Ultimately, the *Longtin* court avoided having to resolve the issue of whether the LGTCA's notice provisions apply to constitutional torts under Maryland law by holding that the circuit court did not abuse its discretion in finding that the appellee successfully invoked the good cause exception to the notice requirement. *See id.* at 34-35.

This Court will adopt its view most recently expressed in *Machie v. Manger*, No. 09-2196, 2010 WL 2132223, at *5 (D. Md. May 25, 2010), that LGTCA's notice requirements apply to both intentional and constitutional torts. *See Curtis v. Pracht*, 202 F. Supp. 2d 406, 414 (D. Md. 2002) (citing *Thomas v. City of Annapolis*, 668 A.2d 448, 457 (Md. Ct. Spec. App. 1997)); *Ashton v. Brown*, 660 A.2d 447, 466 (Md. 1995) (stating that "there is no exception in the [LGTCA] for constitutional torts," while discussing the applicability of the statute as a whole

in the context of the local government's liability under LGTCA). Accordingly, the Court grants summary judgment to Defendants on Plaintiff's Article 24 and 26 claims against the County (Count VII), and Lee and Brown (Count IV) based on Plaintiff's admission that she failed to comply with LGTCA's notice requirement.[6] (Doc. No. 13 at 1-2.)

### C. Dismissal for Lack of Jurisdiction and Failure to State a Claim

Defendants assert that the Court lacks jurisdiction over the Police Department because "[t]here is no legal entity in existence designated as 'Prince George's County Police Department.'" (Doc. No. 12-2 at 9.) The Court dismisses the Police Department from this lawsuit without passing judgment on the merits of Defendants' contention because Plaintiff conceded the argument in her Response in Opposition to Defendants' Motion for Summary Judgment and agreed to drop all claims against the Police Department. (Doc. No. 13. at 1-2.) Likewise, the Court dismisses Kennedy Bowen from the case because Plaintiff also conceded Defendants' argument that Bowen was not at the scene of the incident in question and was not involved in any use of force against Johnson. (Doc. Nos. 12-2 at 19 & 13 at 1.)

### D. Punitive Damages against Prince George's County, Maryland

Defendant correctly argues that municipalities like Defendant Prince George's County, Maryland are immune from punitive damages awards under § 1983. *See City of Newport v. Fact Concerns, Inc.*, 453 U.S. 247 (1981). As such, the Court will not allow Plaintiff to seek punitive damages against Prince George's County under Count IX.

## IV. CONCLUSION

For the foregoing reasons, the Court dismisses Kennedy Bowen and the Police

---

[6] While it does not appear that Defendants base their motion for summary judgment on the Article 24 and 26 claims against the individual defendants on Plaintiff's failure to provide notice, the Court believes that Plaintiff's failure to provide notice of the suit in compliance with the LGTCA bars the state constitutional claims against the individuals. As such, the Court will grant summary judgment to Defendants on the Article 24 and 26 claims against the individuals (Count IV) on this ground, and well not address the merits of the claim.

11

Department from the suit; GRANTS Defendants' Motion for Summary Judgment as to Counts I, II, III, IV, V, VI, and VII; and DENIES Defendants' motion as to Counts VIII, IX, X, and XI. Though not requested by either party, the Court will also bifurcate Count IX from the other claims and stay discovery as to Count IX pending resolution of the remaining claims. A separate Order shall follow.

|      August 10, 2010      |               /s/               |
|            Date           | Alexander Williams, Jr.<br>United States District Judge |